CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

FEB 20 2020

JULIA C. DUDLEY, CLERK
BY: HMcDonegd
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANTONIO HAWKINS, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 7:18cv00591 |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| SGT. JACKSON, et al., | ) By: Hon. Jackson L. Kiser |
| | ) Senior United States District Judge |
| Defendants. | ) |

Plaintiff Antonio Hawkins, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before me on defendants' motion to dismiss Hawkins' complaint as improperly joined, or in the alternative to sever Hawkins' claims into multiple, separate actions.[1] For the reasons stated herein, I will grant defendants' motion to sever Hawkins' complaint into three separate actions.[2]

I.

The facts are taken from Hawkins's pro se complaint and, at this stage, his factual allegations are accepted as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Hawkins alleges that on May 23, 2018, after experiencing chest pains, Hawkins was on his way to the medical department when defendant Lt. Colna stopped him and told him to go back to his pod. When Hawkins hesitated, Lt. Colna put Hawkins in "cuffs" and pushed his

---

[1] By order entered February 6, 2020, I granted Hawkins' motion to voluntarily dismiss one of his claims. [See ECF No. 27.]

[2] Hawkins has also filed a motion for an extension of time to file an amended complaint [ECF No. 24], but he does not indicate to the court how he would like to amend his complaint. Without further information, I will deny his motion without prejudice and Hawkins may file a new motion to amend in any of the three severed cases within fourteen days, if he so chooses.

face into the wall. Hawkins states that Lt. Colna threatened to "beat [Hawkins'] skull in," "fuck [him] up," and "stick a broomstick up his ass." Hawkins told Lt. Colna that he continued to suffer chest pains and Lt. Colna allegedly told Hawkins to die. Five minutes later, Lt. Colna directed defendant Correctional Officer ("CO") Lundy to use excessive force against Hawkins when escorting Hawkins to segregation. CO Lundy then twisted Hawkins' wrist in the handcuffs to the point Hawkins' hand went numb and choked Hawkins until he could not breathe.

Later the same day, defendant CO Halsey denied Hawkins grievance forms to file a complaint about the incident earlier in the day involving Lt. Colna and CO Lundy. CO Halsey stated, "if you['re] wri[t]ing other officers up, I'm not going to get you shit." After Hawkins subsequently obtained the grievance forms from officers on the next shift and then submitted them, CO Halsey went to Hawkins' door on June 12, 2018, and said, "good luck with those complaints making it to the mailbox."

On June 13, 2018, defendant CO Warren stopped Hawkins for a routine pat down and whispered, "you're the little pussy that keeps writing my officers up." CO Warren then slammed Hawkins against a fence, handcuffed him, and took him to segregation. On the way to the segregation unit, CO Warren told Hawkins, "you better hope I don't have to pack your shit," referring to Hawkins' property in his previous cell. While Hawkins was housed in segregation, CO Warren intentionally broke Hawkins' JP5 player.

On or about August 27, 2018, Lt. Colna retaliated against Hawkins for filing grievances about the May 23, 2018 incident by taking a "hit" out on Hawkins by falsely telling several "high rank[ing]" gang members that Hawkins was "snitching on them."

On September 18, 2018, defendant Sgt. Mays transported Hawkins to segregation and stated, "I heard you['re] the one who's trying to get [COs] fired. Why are you being such a dick?" Sgt. Mays subsequently denied Hawkins an informal complaint form so that Hawkins could not complain about the comments Sgt. Mays had made. On September 19, 2018, Hawkins was again denied informal complaint forms by defendants Sgt. Mays and CO Devine. On September 20, 2018, as Hawkins was exiting the shower, CO Devine stated, "whaaa, you little pussy, you still crying about trying to write officers up." CO Devine then "ram[med]" Hawkins head into the wall. Sgt. Mays directed CO Devine to twist Hawkins wrist, which CO Devine did to the point that Hawkins felt like his wrist was breaking. Hawkins was then placed in a strip cell that was covered in feces, where CO Devine slammed Hawkins head into the feces-covered bed and said, "he likes writing officers up, put his face right into this shit." Hawkins states that, without justification, he was stripped naked and left shackled in the "freezing" cold cell with no food, water, or toilet paper.

Defendants propose that Hawkins' allegations be severed into the following separate actions:

**Current Case**: Claims against Lt. Colna, CO Lundy, and CO Halsey.

**Case Two**: Claims against CO Warren.

**Case Three**: Claims against Sgt. Mays and CO Devine.

## II.

Hawkins' complaint is not consistent with Federal Rules of Civil Procedure Rules 18 and 20, regarding the permissible joinder of claims and parties in one federal civil action. Rule 18(a) only allows a plaintiff to join "as many claims as it has against an [one] opposing party."

Fed. R. Civ. P. 18(a). On the other hand, Rule 20 allows the joinder of several parties only if the claims arose out of the same transaction or occurrence or series thereof and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a)(2). Thus, if the claims arise out of different transactions and do not involve all defendants, joinder of the claims in one lawsuit should not be allowed. Riddick v. Dep't of Corr., No. 7:17cv268, 2017 U.S. Dist. LEXIS 211696, at *2, 2017 WL 659907, at *1 (W.D. Va. Dec. 26, 2017). "These procedural rules apply with equal force to pro se prisoner cases." Id.

In addition, to allow Hawkins to pay one filing fee, yet join disparate legal claims against multiple parties, concerning multiple different events and factual and legal issues, flies in the face of the letter and spirit of the Prison Litigation Reform Act ("PLRA"). The PLRA's restrictions on prisoner-filed civil actions include: requiring full payment of the filing fee for any civil action or appeal submitted by a prisoner through prepayment or through partial payments withheld from the inmate's trust account; authorization of court review and summary disposition of any claim or action that is frivolous or malicious, fails to state a valid claim upon which relief can be granted, or seeks relief against persons immune from such relief; and a "three-strike" provision, which prevents a prisoner from proceeding without prepayment of the filing fee if the prisoner's litigation in federal court includes three or more cases dismissed as frivolous, malicious, or as stating no claim for relief. See generally 28 U.S.C. §§ 1915 and 1915A. "Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims." Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997). Requiring compliance with the joinder rules "prevents prisoners from 'dodging' the fee obligation and '3-strikes' provision of the PLRA."

Riddick, 2017 U.S. Dist. LEXIS 211696, at *3, 2017 WL 659907, at *2. To allow plaintiff to essentially package several lawsuits into one complaint would undercut the PLRA's three-strikes provision and its filing fee requirement. Id.

Where there is misjoinder of parties, the Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party. See Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party"). Thus, the court has inherent power to control its docket and the disposition of its cases with "economy of time and effort" for the court and the parties. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

Hawkins' complaint may not proceed as it is presently constituted because it improperly joins together multiple claims and multiple defendants. Rather, it is three separate lawsuits bundled into one omnibus complaint: one lawsuit against defendants Lt. Colna, CO Lundy, and CO Halsey; one lawsuit against defendant CO Warren; and one lawsuit against defendants Sgt. Mays and CO Devine. Accordingly, I will sever Hawkins' complaint into three separate lawsuits and have the severed claims each docketed under a separate case number in which all further proceedings on those claims will occur. The Clerk will provide Hawkins with the new case numbers, once they have been assigned, and designate clearly which of his claims will be litigated in that case.

This opinion does not address the possible merit of any of Hawkins' claims, and it does not mean that solely because of my determination of misjoinder, Hawkins loses his right to

litigate any of the claims he has pled in the original complaint. Hawkins simply may not litigate all of his unrelated claims against all these defendants in this single lawsuit, while being held accountable for only one filing fee. If Hawkins chooses to proceed with the severed claims in separate lawsuits, he will be required to consent to payment of a filing fee in each of those lawsuits, as he has done in this case. If he does not wish to proceed with any of the lawsuits, he may decline to consent to pay the filing fee for one or more of them, or he may file a motion to voluntarily dismiss one or more of his lawsuits without prejudice to refiling them at some future date, subject to the applicable period of limitations, the joinder rules, and the PLRA.

## III.

For the reasons stated herein, I will grant defendants' motion to sever and sever Hawkins' complaint into three separate actions.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to Hawkins and all counsel of record.

**ENTERED** this 20th day of February, 2020.

*/s/ Jackson L. Kiser*
SENIOR UNITED STATES DISTRICT JUDGE